IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RANDY VANHORN, INDIVIDUALLY
AND ON BEHALF OF OTHERS
SIMILARLY SITUATED                                                                          PLAINTIFF

v.                                            CASE NO. 4:13cv722

TASNEEM ENTERPRISE, INC. and
MUHAMMED TASNEEM, INDIVIDUALLY
AND AS OWNER/MANAGER OF TASNEEM
ENTERPRISES, INC.                                                                           DEFENDANTS

## ORDER

Plaintiff Randy Vanhorn filed a collective action complaint seeking relief under the Fair Labor Standards Act ("FSLA") and the Arkansas Minimum Wage Act ("AMWA") for himself and "others similarly situated" who are or have previously been employed by Defendants, Tasneem Enterprises, Inc. and Muhammed Tasneem, at the Shell Superstop #53 located at 3100 JFK Boulevard in North Little Rock, Arkansas. Pending before the Court is Defendants' motion for summary judgment (Docket No. 12). Plaintiff has responded, and Defendants have replied.

In their motion for summary judgment, Defendants initially ask for relief "as to all claims made by Plaintiff against them." Defendants' motion alternatively seeks partial summary judgment as to the claims Plaintiff purports to bring on behalf of the other employees of Defendants as a collective action. Defendants' motion for summary judgment as to all the claims against them is denied; this argument was abandoned by Defendants in their reply[1], and there are genuine issues of material fact in dispute as to Plaintiff Vanhorn's claims based on his testimony. Defendants' motion for partial summary judgment as to the collective action claims is granted

---

[1] In the first sentence of their reply, Defendants state that "[t]he basis for Defendants' motion for summary judgment is that there is no genuine dispute as to whether Plaintiff Randy Vanhorn, who filed this FLSA collective action more than eight months ago, has produced any information or testimony to support his claims that this matter should be a collective action."

for the reasons stated below.

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met: The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, [to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent s burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

A collective action under the FLSA may be maintained against an employer by "any one or more employees for and in behalf of himself for themselves and other employees similarly situated." 29 U.S.C. §216(b). Typically, after filing a collective action complaint under the FLSA, an employee would file a motion for conditional certification which, if granted, could prompt an employer's subsequent motion to decertify. In this case, Plaintiff has chosen to not file a motion for certification after filing a complaint asserting collective action claims. In his most recently filed motion, Plaintiff has only listed himself as Plaintiff and omitted the phrase "and on behalf of others similarly situated" in the style of the case.

This case has been pending as a purported collective action since December 17, 2013. In that time, Plaintiff has not filed a motion to conditionally certify the class in spite of having had the name and address of all potential class members since April 14, 2014. No other employee has given consent to join this action. The case is set for trial during the week of April 27, 2015.

Defendants' motion for summary judgment is supported by the affidavits of four former and current employees of Defendants stating affirmatively that they do not consider themselves to be similarly situated to Plaintiff regarding his claims against Defendants under the FLSA. Other than his own affidavit, Plaintiff has not offered evidence of any potential class action members to support his bringing this action as a collective action. The discovery deadline of December 19, 2015 has passed. The Court finds that Defendants are entitled to certainty in the nature of the action as the trial is only a few months away, and their motion for summary judgment on Plaintiff's claims as a collective action is granted. The claims of Plaintiff Randy Vanhorn remain.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Docket No. 12) is granted in part and denied in part; it is granted as to the collective action claims and

denied as to the individual claims of Randy Vanhorn.

Dated this 8th day of January, 2015.

_____
James M. Moody Jr.
United States District Judge